# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA                                    No. 3:19-cr-180 (RNC)

v.

ROCKY SAMAS                                                July 1, 2020

## DEFENDANT ROCKY SAMAS'S
## MEMORANDUM IN AID OF SENTENCING

Although Rocky Samas is facing a five-year mandatory minimum sentence after his jury conviction, his serious and documented medical history cries out for a sentence of home confinement, or some avenue of non-prison confinement.

He was recently diagnosed with COVID-19 although he seems to be cured, was hospitalized for recurrent strokes recently[1], and had a significant head injury after an automobile accident 3 ½ years ago after which he was in a coma for several days and still speaks with a stutter and has a memory loss. He is on high blood pressure medication. His medical condition appears to be deteriorating.

Rocky has a history of drug abuse and attempted several drug abuse treatment programs. His criminal history mostly relates to drugs and he has a prior federal conviction for distribution and possession with intent to distribute cocaine base.[2]

The defendant respectfully suggests that given his medical history, he would be an excellent candidate for compassionate release after he is sentenced. If there is no alternative to at

---

[1] It is believed that Probation may have his most recent medical records from May, 2020.
[2] *USA v. Rocky Samas*, 3:04cr5 (JCH).

least a 60 month sentence, Rocky could then seek voluntary surrender after sentencing and promptly move for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons." once he is BOP custody, or is at least housed at the Wyatt Detention Facility.[3]

The PSR computes a Guidelines Range of 57 to 71 months but with a 60-month mandatory minimum that becomes 60-71 months.[4] Were it not for the 60 month mandatory minimum, Rocky would seek to have his base offense level recomputed under 2D1.1 based upon a 1:1 ration for crack to cocaine.[5]

In accordance with Rule 32(o) of the Local Rules of Criminal Procedure, Rocky respectfully submits this memorandum in aid of sentencing. Based on consideration of all the factors set forth in 18 U.S.C. § 3553(a), the Defendant asks the Court to impose an imprisonment of 60 months to be followed by a period of supervised release with conditions that the Court deems appropriate. He respectfully submits that such a sentence would be sufficient, but not greater than necessary, to comply with the purposes of sentencing in § 3553(a).

He would then move for compassionate release upon is designation. He seeks a voluntary surrender until his designation.

I.   **The Sentencing Court Must Consider All of the Factors Set Forth in 18 U.S.C. § 3553a in a Holistic Manner When Determining an Appropriate Sentence for Rocky Samas.**

Since 2005, the United States Supreme Court has consistently stated that the Sentencing Guidelines are advisory only, and, therefore, that a District Court must consider all of the factors

---

[3] The defendant will address the specifics of the same in a separate motion and memorandum to be filed after sentencing.
[4] See PSR ¶52.
[5] See PSR ¶67, where the Probation Officer computes a potential guidelines range of 24 to 30 months, prior to imposition of the five-year mandatory minimum.

2

set forth in 18 U.S.C. § 3553(a) in a holistic manlier. See *Kimbrough v. United States*, 128 S. Ct. 558 (2007); *Gall v. United States,* 128 S. Ct. 586 (2007); *United States v. Booker*, 125 S. Ct. 738 (2005). Certainly, the Guidelines remain "the starting point and initial benchmark" for the sentencing Court, yet the Court "may not presume that the Guidelines range is reasonable." *Gall,* 128 S. Ct. at 596-97. To the contrary, the Court "must consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party." Id. That is, the Court "must sentence based on 18 U.S.C. § 3553(a) without any thumb on the scale favoring a guideline sentence"; *United States v. Roque*, 536 F. Supp. 2d 987, 989 (E.D.Wis. 2008) (quotation marks omitted; citing cases); and impose "individualized justice" for each defendant based on a consideration of all of the factors in § 3553(a). *United States v. Crosby*, 397 F.3d 103, 111-12 (2005).

   Although each factor of § 3553(a) must be considered, a District Court must not engage a mathematical, isolated calculation of each factor. Rather, the Supreme Court "has emphasized that section §3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle." *United States v. Rodriguez*, 527 F.3d 221, 228 (1st Cir. 2008). That tenet, the parsimony principle, instructs District Courts to "impose a sentence sufficient, but not greater than necessary" to accomplish the goals of sentencing. See 18 U.S.C. § 3553(a). "In the final analysis, then, the gloss supplied by Kimbrough signifies that a district court should not evaluate a request for a variant sentence piecemeal, examining each section 3553(a) factor in isolation, but should instead consider all the relevant factors as a group and strive to construct a sentence that is minimally sufficient to achieve the broad goals of sentencing." *Rodriguez*, 527 F.3d at 228. "This inquiry should be guided by, but not made unflinchingly subservient to, the concerns expressed in the statute's

various sub-parts." Id.

Thus, when fashioning a sentence that is "sufficient, but not greater than necessary," section §3553(a)(2) provides that the District Court should consider the applicable Guidelines Range and any pertinent policy statements; see § 3553(a)(4)-(5);[6] as well as the following factors:

1. the nature and circumstances of the offense and the history and characteristics of the defendant;

2. the need for the sentence imposed --

   (a)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
   (b)  to afford adequate deterrence to criminal conduct;
   (c)  to protect the public from further crimes of the Defendant; and
   (d)  to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. the kinds of sentences available; and

4. the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

See 18 U.S.C. § 3553(a)(2). Under the post-Booker sentencing scheme, "even if a specific sentencing rationale cannot be considered under the aegis of a particular sub-part of section 3553(a), such a proscription does not bar consideration of that factor in the course of a more holistic review of the full panoply of section 3553(a) factors." *Rodriguez*, 527 F.3d at 229.

In this case, a holistic examination of all of the § 3553(a) factors strongly favor a sentence of 60 months, together with a period of supervised release and other conditions imposed by the Court. Such a sentence would be "sufficient, but not greater than necessary," for Rocky Samas.

---

[6] Although the Court must consider the Guidelines and its policy statements, the Supreme Court has confirmed that that, "as a general matter, courts may vary [Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines." *Kimbrough*, 128 S. Ct. at 570.

II.     **The History and Characteristics of Rocky Samas Counsel Strongly in Favor of a Sentence of 60 months.**

Rocky 's long history of drug abuse coupled with head injuries from an automobile accident have placed his medical condition at dangerous levels. He suffers from a stutter and memory loss and is likely to obtain a stroke at any time.

Under § 3553(a), the Court must consider Rocky Samas' history and characteristics when fashioning an appropriate sentence.

III.     **The Nature and Circumstances of the Offense.**

Rocky takes no position as to the facts as set forth in the PSR, while he considers his options by way of possible appeal. He maintains his innocence at this time.

IV.     **Calculation of the Advisory Guidelines Range.**

In this case, the Court should consider the following when calculating Rocky Samas' Guidelines range: (A) the computation made by the Probation Office; and (B) any arguments of objections raised by Defendant.

A.     **The Probation Office Computation of the Guidelines Range.**

The Probation Office has calculated that Rocky Samas' Guideline's total offense level is 24 and his criminal history category is II.  He thus faces a guidelines imprisonment range of 60-71 months after application of a 60 month mandatory minimum [7].

B.     **The Agreement of the Parties**

Except as set forth earlier, the defendant does not object to the Probation Office's calculations.

---

[7] See PSR ¶ 52.

**V.      The Remaining §3553 Factors Support a Sentence of 37 Months.**

As mentioned previously, the Court must balance all the factors set forth in § 3553(a) in order to gain a "holistic" view of an appropriate sentence for Rocky Samas. Thus, in addition to the advisory Guidelines ranges, the Court must consider each of the remaining §3553(a) factors in its overarching effort to determine a sentence that is "sufficient, but not greater than necessary," for Rocky Samas. In this memorandum, Rocky respectfully submits that each factor, whether considered alone or in combination with the other factors, compels a sentence of 60 months incarceration.

**A.      The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**.

Rocky Samas' case demonstrates the strong penalties that are associated with distribution of controlled substances. In other words, this case demonstrates that the Government will swiftly hold individuals accountable for criminal conduct as outlined by the government.

Retribution for engaging in wrongful conduct that is prohibited by law is of course a strong interest in all cases -- a defendant should get a merited response to his deeds.

**B.      The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct.**

No one could look at Rocky Samas' situation and conclude that it would be anything but undesirable to pursue the same course of conduct. Indeed, any period of incarceration is a significant penalty, especially for an individual such as Rocky Samas with his deteriorating medical conditions. Therefore, the Court should find that a term of 60 months is an adequate term of imprisonment to deter future criminal conduct.

7

    **C.**    **The Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant.**

In determining an appropriate sentence, courts must also consider the need for the sentence to "protect the public from further crimes of the defendant." §3553(a)(2)(C). In Rocky Samas' case, that sentence plus treatment and rehabilitation should fulfill that goal.

    **D.**    **The Need for the Sentence Imposed to Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner.**

The Defendant requires educational, vocational training and substance abuse treatment.

    **E.**    **The Goal of Rehabilitation Would Not Be Served by a Severe Sentence**

Another factor under §3553(a) is the need for rehabilitation. 3553(a)(2)(D). As the Court stated in *United States v. Carvajal*, "[a] judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of useful life. Punishment should not be more severe that that necessary to satisfy the goals of punishment." No. 04 CR 222(AKH), 2005 WL 476125, at *6 (S.D.N.Y. Feb. 22, 2005).

**VI.**    <u>**The Types of Sentences Available**</u>.

    **A.**    **A Term of Imprisonment**

Rocky Samas was found guilty of two counts of Conspiracy to Possess with Intent to Distribute and Distribution of Crack Cocaine and Cocaine in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C) and (b)(1)(B). As mentioned, previously, the Probation Office and the parties all suggest a range of imprisonment of 60-71 months.

    **B.**    **Probation**

Probation is not an appropriate option under a Guidelines sentence (PSR ¶¶57-59).

**VII.**   **Fine and Restitution**

### A.  Fine

Rocky has no income and no assets and is unable to pay a fine. PSR ¶62 indicates that the fine range is $20,000 to $5,000,000 pursuant to Guideline §5E1.2(c)(3) and (4).

### B.   Restitution

Restitution is not applicable here. PSR ¶¶75-76.

**VIII.**   **Conclusion**

Rocky suffers from a significant head injury but nonetheless has been unable to turn from a life relating to drugs to earn money. As a COVID-19 victim, his deteriorating medical condition has suffered another hit and he was recently hospitalized before his present release.

After sentencing he is an excellent candidate for compassionate release.

.                                                    RESPECTFULLY SUMITTED
                                                     DEFENDANT, ROCKY SAMAS

                                           BY_____
                                                       JONATHAN J. EINHORN, ESQ.
                                                       129 WHITNEY AVENUE
                                                       NEW HAVEN, CONNECTICUT 06510
                                                       FED. BAR NO. CT 00163
                                                       203-777-3777
                                                       einhornlawoffice@gmail.com

<u>**CERTIFICATION**</u>

I hereby certify that on this 1st day of July, 2020, a copy of the foregoing Memorandum was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicted on the Notice of Electronic Filing.

/s/ *Jonathan J. Einhorn*
JONATHAN J. EINHORN