UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ROCKY SAMAS,<br>    *Defendant.* | No. 3:18-cr-00296 (JAM) |

### INDICATIVE RULING RE MOTION FOR COMPASSIONATE RELEASE

The defendant Rocky Samas is serving a federal prison sentence and moves under 18 U.S.C. § 3582(c)(1)(A)(i) for a sentence reduction. This indicative ruling pursuant to Rule 37 of the Federal Rules of Criminal Procedure states my intent to grant Samas's motion in the event that the Second Circuit determines his appeal and restores my jurisdiction to rule on Samas's motion.

Samas is now serving a mandatory 5-year term of imprisonment following his conviction for possession with intent to distribute crack cocaine. But because the U.S. Department of Justice (DOJ) has now taken the position that crack cocaine should not be subject to more severe sentencing consequences than powder cocaine and because Samas has now served a sentence at the top of the Sentencing Guidelines range that would have applied for powder cocaine, I conclude in light of all the sentencing factors under 18 U.S.C. § 3553(a) that his sentence should be reduced to a sentence of time-served.

#### BACKGROUND

On November 19, 2018, a federal grand jury charged Samas with one count of possession with intent to distribute 28 grams or more of cocaine base (crack cocaine) and one count of

1

possession with intent to distribute powder cocaine.[1] The trial evidence showed that law enforcement authorities lawfully executed a search warrant at Samas's home where they found 47.9 grams of crack cocaine as well as more than 100 grams of powder cocaine, two digital scales, and $13,955 in cash.[2]

The jury returned verdicts of guilty on both counts.[3] On July 8, 2020, I sentenced Samas principally to an effective term of five years of imprisonment; the sentence included a mandatory minimum prison term of five years on the crack cocaine charge and a concurrent term of two years of prison on the charge of possession with intent to distribute powder cocaine.[4]

Samas appealed both his conviction and sentence.[5] On November 12, 2020, his counsel filed an *Anders* brief and motion to withdraw.[6] On February 8, 2021, the Government cross-moved for summary affirmance.[7] Both motions and the appeal remain pending before the Second Circuit.

In the meantime, Samas has filed motions before me to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[8] The primary basis for these motions is that Samas—who has recently turned 50 years old—is vulnerable to COVID-19. As confirmed by prison medical records filed under seal, he suffers from hypertension and cerebrovascular disease, and he is

---

[1] Doc. #12 (indictment).

[2] Doc. #157 at 4 (¶¶ 7-10) (presentence report).

[3] Doc. #124.

[4] Doc. #187.

[5] Doc. #188.

[6] Docs. #20 and #23 to *United States of America v. Samas*, 20-2205 (2d Cir.).

[7] Doc. #42 to *United States of America v. Samas*, 20-2205 (2d Cir.).

[8] Docs. #192, #198, #203, #210, #212.

obese with a body mass index of 36.7.[9] Samas suffered from a serious car accident over four years ago that likely resulted in a stroke and then aphasia.[10] He contracted COVID-19 during the pendency of this case while released from prison and awaiting sentencing.[11] Samas has served slightly more than two years of his sentence, and the Bureau of Prisons projects a release date of January 22, 2024.[12]

## DISCUSSION

Federal law—18 U.S.C. § 3582(c)(1)(A)(i)—allows a court to grant a prisoner's motion for sentence reduction if there are "extraordinary and compelling reasons" to do so. *See generally United States v. Brooker*, 976 F.3d 228, 231–34 (2d Cir. 2020). As relevant here, the statute directs courts to consider the following issues before granting any motion for sentence reduction. First, a court must consider whether the prisoner has satisfied the statute's mandatory exhaustion requirement. Second, a court must consider whether there are extraordinary and compelling reasons that might warrant a sentence reduction, such as a grave threat to a prisoner's health if he remains imprisoned. Third, notwithstanding any such extraordinary and compelling reasons, a court must consider whether in its discretion a sentence reduction is warranted in light of the purposes of sentencing under 18 U.S.C. § 3553.

As an initial matter, the Government argues that I lack jurisdiction to rule on the motion while Samas's appeal is pending.[13] I agree. "The filing of a notice of appeal is an event of

---

[9] Doc. #199 at 9-10; Doc. #201 at 14, 33.

[10] Docs. #192-1 at 3; Doc. #197 at 2.

[11] Docs. #192-1 at 3, #199 at 9 n.6.

[12] *See* Federal Bureau of Prisons, *Find an Inmate* (Rocky Samas #15401-014), available at https://www.bop.gov/inmateloc/ (last accessed Dec. 7, 2021).

[13] Doc. #211 at 2-4; Doc. #214 at 4.

jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Other courts have ruled that a district court may not grant a motion for sentence reduction under 18 U.S.C. § 3582 while a defendant's appeal of his sentence remains pending. *See United States v. Cabrera*, 2021 WL 1648480, at *2 (D. Conn. 2021); *United States v. Martin*, 2020 WL 1819961, at *2 (S.D.N.Y. 2020).

Nevertheless, as Samas suggests, I may issue an indicative ruling for the benefit of the Second Circuit's consideration whether to take action on Samas's appeal. *See* Fed. R. Crim. P. 37; *Martin*, 2020 WL 1819961, at *2. Therefore, I now issue this indicative ruling to state my intent to grant the motion for sentence reduction if I have jurisdiction to do so.

The Government does not dispute that Samas has exhausted his administrative remedies and that he has a medical condition that qualifies as extraordinary and compelling.[14] Instead, it argues that the sentencing factors under 18 U.S.C. § 3553 do not support granting Samas's motion.[15]

I do not agree. When I sentenced Samas, he was subject to a mandatory minimum term of five years of imprisonment because he was charged and convicted for possession with intent to distribute 28 grams or more of crack cocaine. *See* 21 U.S.C. § 841(b)(1)(B)(iii). Of course, crack cocaine is subject to far more severe penalties than powder cocaine, even though it has long been clear that there is no good reason for this distinction and that the distinction has a racially disproportionate impact. *See United States v. Gardner*, 20 F. Supp. 3d 468 (S.D.N.Y. 2014) (extensive discussion). For this reason, whenever the law has given me discretion to do so, it has

---

[14] Doc. #199 at 7-10. As the Government notes, it appears that Samas has declined to accept a COVID-19 vaccine. Doc. #214 at 4.

[15] Doc. #199 at 14-17.

been my practice to depart or vary downwards for crack cocaine cases to the same sentencing guidelines range that would apply if the substance at issue were powder cocaine. *See Kimbrough v. United States*, 552 U.S. 85, 109–10 (2007) (noting departure authority); *United States v. Clark*, 2021 WL 201253, at *7 (D. Conn. 2021) (noting common practice of courts to depart or vary downward in crack cocaine cases).

Prosecutors used to object when I treated crack cocaine the same as powder cocaine.[16] But the DOJ has recently voiced support for pending legislation known as the "EQUAL Act" that would eliminate the difference in treatment between crack cocaine and powder cocaine.[17] Indeed, according to testimony submitted several months ago by the DOJ in support of the EQUAL Act, the DOJ "strongly supports the legislation," because "we believe it is long past time to end the disparity in sentencing policy between federal offenses involving crack cocaine and those involving powder cocaine," and because "[t]he crack/powder sentencing disparity has unquestionably led to unjustified differences in sentences for trafficking in two forms of the same substance, as well as unwarranted racial disparities in its application."[18]

Especially in light of the DOJ's change of position, it is difficult to justify the imposition of a 5-year mandatory sentence of imprisonment. If Samas had *not* been subject to the 5-year mandatory minimum term and he had instead been subject to sentencing as if all the cocaine he

---

[16] *See, e.g.*, Doc. #784 to *United States v. Jamal Howell*, 14cr81 (D. Conn.) (government sentencing memorandum). In more recent years, my experience is that the Government has silently acquiesced in cases not involving mandatory minimum sentences to downward departures or variances on the basis of the disparity between crack cocaine and powder cocaine.

[17] *See* Eliminating a Quantifiably Unjust Application of the Law Act, S. 79, available at https://www.congress.gov/bill/117th-congress/senate-bill/79/all-info (last accessed Dec. 7, 2021).

[18] Statement of the U.S. Department of Justice before the Committee on the Judiciary, United States Senate, for a Hearing Entitled Examining Federal Sentencing for Crack and Powder Cocaine at 1 (June 22, 2021), available at https://sentencing.typepad.com/files/doj-equal-act-testimony--final.pdf (last accessed Dec. 7, 2021).

had was powder cocaine rather than crack cocaine, then under the Sentencing Guidelines he would have been subject to a term of 24 to 30 months of imprisonment.[19]

Samas has now served approximately 26 months in prison.[20] This is about the same amount of prison time that he would have served if I had imposed a sentence of 30 months and if Samas had received good time credit of 54 days per year pursuant to 18 U.S.C. § 3624(b).

I share the Government's concerns about Samas's extensive criminal history and about the fact that he has done nothing to accept responsibility for his drug-dealing activity. But the conditions of imprisonment during COVID-19 have been especially severe for all prison inmates, and by the time the Second Circuit ends up ruling on Samas's appeal it is likely that he will have served more time in prison than the top of the Guidelines range that would have applied if he had been sentenced on the basis of powder cocaine rather than crack cocaine. Taking into account all the sentencing factors under 18 U.S.C. § 3553, I conclude that additional prison time is not warranted in the event that Samas makes a further showing that he has a reentry plan and states his commitment to not engage in drug dealing.

## CONCLUSION

For the reasons set forth above, the Court INDICATES that if it had jurisdiction it would grant the motions of defendant Rocky Samas for a sentence reduction to time served and with appropriate restrictive and monitoring conditions to be determined after a hearing. Counsel for Samas is instructed to so notify the Clerk of Court for the Second Circuit. *See* Fed. R. Crim. P. 37(b); Fed. R. App. P. 12.1. In the event that the Second Circuit issues a mandate to return

---

[19] Doc. 157 at 15 (¶ 67).

[20] The docket reflects that Samas was detained upon his arrest for 154 days from November 6, 2018 before being released on April 9, 2019, then remanded to custody again for 139 days from December 12, 2019 to April 29, 2020, and he has served his sentence for approximately 484 days from the date of his voluntary surrender on August 11, 2020. It appears as of December 7, 2021, that Samas has served 777 days in prison (approximately 26 months).

jurisdiction to this Court, then Samas shall file a motion for ruling which shall be accompanied by a detailed written reentry plan that explains after consultation with the U.S. Probation Office where Samas proposes to reside and his proposed rehabilitative programming and that includes a signed statement from Samas that he will not engage in drug dealing and will fully participate in substance abuse programming. Counsel should contact the Office of the Federal Public Defender for guidance concerning what information should be included in the reentry plan.

It is so ordered.

Dated at New Haven this 7th day of December 2021.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge